TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JEFFREY M. CHEMERINSKY (Cal. Bar. No. 270756)
JOSEPH D. AXELRAD (Cal. Bar No. 274580)
Violent and Organized Crime Section
Assistant United States Attorneys
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-7964
     Facsimile: (213) 894-0141
     E-mail:    joseph.axelrad@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-00133-AB-2 |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION REGARDING DEFENDANT ANTHONY MARCELLUS WILLIAMS |
| v. | |
| ANTHONY MARCELLUS WILLIAMS, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Jeffrey M. Chemerinsky and Joseph D. Axelrad, hereby files its sentencing position regarding defendant Anthony Marcellus Williams.

This sentencing position is based upon the attached memorandum of points and authorities, the presentence investigation report ("PSR"), the files and records in this case, and such further evidence and argument as the Court may permit. The government

respectfully requests the opportunity to supplement its position or respond to defendant as may become necessary.

Dated: November 30, 2021

Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

 */s/ Joseph Axelrad*
JEFFREY M. CHEMERINSKY
JOSEPH D. AXELRAD
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Defendant Anthony Marcellus Williams ("defendant") awaits sentencing after pleading guilty to one count of interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a), for his involvement in the armed robbery of a marijuana related business during which 200 pounds of marijuana was stolen. The United States Probation Office ("USPO") issued the PSR in this case on March 12, 2021, calculating a Guidelines range of 97 to 121 months, based on a total offense level of 28 and a category III criminal history.

As set forth below, the government submits that, taking into account the factors identified in 18 U.S.C. § 3553(a), a total term of custody of 121 months' imprisonment is appropriate. The government further recommends that defendant be sentenced to a three-year term of supervised release, and a special assessment of $100. Such a sentence is sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, to adequately deter defendant from committing further offenses, and to avoid unwarranted sentencing disparity with other similarly situated defendants.

**II.  STATEMENT OF FACTS**

As set forth in the plea agreement:

> On or around June 19, 2020, defendant contacted Victim-1 by text message for the purpose of arranging a sham marijuana transaction with Victim-1. Later that day, defendant drove to Victim-1's residence in

Santa Ana, California to meet with Victim-1 to discuss the sham marijuana transaction. Ultimately, Victim-1 agreed to conduct a transaction on June 20, 2020.

On June 20, 2020, defendant and a co-conspirator ("CC-1") drove from Los Angeles to Victim-1's residence at 9 MacArthur Place, Santa Ana, California, in Orange County, within the Central District of California, for the purpose of robbing Victim-1. Once inside Victim-1's residence, defendant and CC-1 brandished pistols and informed Victim-1 and Victim-2 that defendant and CC-1 intended to rob Victim-1 and Victim-2. Victim-1 and Victim-2 were forced into a bedroom at gunpoint, where their hands were bound with zip-ties. Defendant and CC-1 then loaded products belonging to Victim-1 and Victim-2 into various backpacks and duffel bags. After carrying the stolen products to the parking garage, defendant and CC-1 loaded the stolen products into defendant's black Range Rover and returned to Los Angeles.

On or around June 22, 2020, in Los Angeles County, defendant met with another co-conspirator ("CC-2") who had first introduced defendant to Victim-1 for the purpose of robbing Victim-1. CC-2 sold some of the product stolen by defendant and CC-1. CC-2 also received a portion of the proceeds from the robbery for identifying Victim-1 as a potential robbery target.

>Victim-1 and Victim-2 operate an unlicensed marijuana and marijuana-related-items distribution business from their residence in Santa Ana, California. The marijuana business services customers from outside the State of California and purchases wholesale marijuana from growers outside of California, including growers based in Oregon and Nevada. Thus, the robbery of Victim-1 and Victim-2 affected interstate commerce.

### III. PRESENTENCE INVESTIGATION REPORT

#### A.   Guidelines Calculation

The USPO concluded that defendant has a total offense level of 28. PSR, ¶ 49. This results from a base offense level of 20 (U.S.S.G. § 2B3.1(a)), a six-level enhancement for use of a firearm (U.S.S.G. § 2B3.1(b)(2)(B)), a two-level enhancement for physical restraint (U.S.S.G. § 2B3.1(b)(4)(B)), a one-level enhancement for narcotics taken (U.S.S.G. § 2B3.1(b)(6)), a two-level enhancement for loss amount (U.S.S.G. § 2B3.1(b)(7)(C)), and a three-level decrease for acceptance of responsibility (U.S.S.G. § 3E1.1(a), (b)). PSR, ¶¶ 32-49.[1]

The PSR also identifies defendant as a Criminal History Category of III. PSR, ¶ 65. Based on the calculated criminal history category and total offense level, defendant's applicable Guidelines range is 97-121 months. PSR, ¶ 109. On March 12,

---

[1] The enhancements for narcotics taken and loss amount were not included in the Plea Agreement. (Dkt. 55.) Nevertheless, the parties specifically agreed that additional specific offense characteristics may apply. (Id.) The government agrees with the USPO that these additional offense characteristics are correctly applied.

3

2021, the USPO filed its public recommendation letter in which it recommends defendant be sentenced to 121 months in custody. (Dkt. 90.)

## IV. APPLICATION OF THE § 3553 FACTORS

The government submits that a sentence of 121 months' imprisonment, which is the high-end of the Guidelines' range, as well as three years' supervised release, is "sufficient, but not greater than necessary," to comply with the purposes enumerated in 18 U.S.C. § 3553(a)(2).

### A. Legal Background

"All sentencing proceedings are to begin by determining the applicable Guidelines range," which serves as "the starting point and the initial benchmark" for determining a reasonable sentence. United States v. Carty, 520 F.3d 984, 991 (9th Cir. 2008) (internal quotation marks and citation omitted). The parties should then be given an opportunity to argue for what they believe is an appropriate sentence. Id. Following argument by the parties, the Court must consider each of the sentencing factors listed in 18 U.S.C. § 3553(a), including the applicable Guidelines range, "to decide if [those factors] support the sentence suggested by the parties." Id.; see also Gall v. United States, 552 U.S. 38, 49 (2007). In the end, the Court must impose a sentence that is "sufficient, but not greater than necessary," to reflect the offense's seriousness, to promote respect for the law, and to provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational

training, medical care, or other correctional treatment. See 18 U.S.C. § 3353(a); Carty, 520 F.3d at 991.

**B. Analysis**

On June 20, 2020, defendant and his co-conspirators engaged in an extraordinarily dangerous robbery. To setup this robbery, defendant lulled unsuspecting victims into a sham transaction for 200 pounds of marijuana. But when defendant and his co-conspirator arrived at the victims' business, they drew their guns and zip-tied the victims, and then proceeded to steal hundreds of thousands of dollars of marijuana. Undoubtedly, the marijuana businessmen (who were effectively held hostage within their own business as it was robbed by defendant and his co-conspirator) were terrified.

Defendant's participation in this violent offense deserves a serious sanction and punishment. The use of a firearm to commit an armed robbery creates the potential for a multitude of violent and dangerous outcomes. Very little would need to have changed for the outcome of defendant's armed robbery to have been dramatically different, potentially ending in a violent confrontation with the victims or worse. Defendant engaged in this brazen armed robbery with no regard for the safety of others. Indeed, this type of armed robbery where firearms are brandished leaves lasting stress and trauma that victims remember for their entire lives. Moreover, the goal of this armed robbery was to obtain narcotics to distribute, which would cause further harm to the community.

Unfortunately, defendant is not a stranger to violent criminal conduct. Defendant is a Black P-Stone gang member with

a lengthy history of violence.  Defendant's criminal history includes:  five narcotics related convictions, two felon in possession convictions, three domestic violence convictions, a grand theft conviction, and an armed bank robbery conviction. Indeed, defendant's most recent conviction was in federal court and involved an armed bank robbery in Ohio during which co-conspirators "threatened bank tellers and customers, struck multiple victims in the head and face, and several people were restrained."  (PSR ¶ 62.)  For his involvement, defendant was sentenced to 240 months in prison and was only released in July of 2019.

Defendant's criminal history began early and continues now, despite his age (55 years old).  This pattern of incarceration followed by quick recidivism demonstrates a clear lack of respect for the law and safety of the community.  Indeed, the conduct charged in the Indictment occurred while defendant was *on federal supervised release*.  Any sentence must adequately account for the danger defendant poses to the safety of the community.

While the government acknowledges that factors in mitigation do exist in defendant's personal history, on balance, his blatant disregard for the rule of law and safety of the community warrant a sentence at the high-end of the Guidelines range.

**V.    CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court sentence defendant to: (1) 121 months'

imprisonment; (2) a three-year period of supervised release; and (3) a mandatory special assessment of $100.